STATE v. CORNELL

[222 N.C. App. 184 (2012)]

———————————

STATE OF NORTH CAROLINA v. JORGE PETER CORNELL

No. COA11-1415

(Filed 7 August 2012)

**1. Arrest—resisting, obstructing, or delaying—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of resisting, obstructing, or delaying a police officer in violation of N.C.G.S. §14-223. There was sufficient evidence for the jury to conclude that defendant obstructed and delayed the officers in the performance of their duties. Further, a jury could reasonably have found that defendant did willfully delay and obstruct the officers' investigation.

**2. Appeal and Error—preservation of issues—failure to make constitutional argument at trial**

Although defendant contended that the trial court erred by denying his motion to dismiss the charge of resisting, obstructing, or delaying a police officer since the conduct for which he was prosecuted was protected by the First Amendment of the United States Constitution, this constitutional argument was not preserved since it was not raised at trial.

**3. Arrest—resisting, obstructing, or delaying—denial of requested jury instruction—defense of remonstration**

The trial court did not err in a resisting, obstructing, or delaying a police officer case by denying defendant's request for a jury

instruction on the defense of remonstrating with an officer. Defendant's conduct went beyond mere remonstration.

Appeal by defendant from judgment entered 11 May 2011 by Judge Anna Mills Wagoner in Guilford County Superior Court. Heard in the Court of Appeals 26 April 2012.

*Roy Cooper, Attorney General, by Terence D. Friedman, Assistant Attorney General, for the State.*

*Anita S. Earls for the defendant.*

THIGPEN, Judge.

Jorge Peter Cornell ("Defendant") appeals from a judgment entered on his 11 May 2011 conviction for resisting, obstructing or delaying a police officer in violation of N.C. Gen. Stat. §14-223. For the reasons stated herein, we find no error.

On 1 August 2009, Defendant attended a bluegrass festival ("the festival") in Greensboro, North Carolina with his girlfriend, children, a friend, and his campaign manager, as Defendant was running for a position on the Greensboro City Council at the time. Defendant is also the admitted leader of the "Latin Kings" street gang in North Carolina. Around 8 p.m. that evening, Greensboro police officer Romaine Watkins ("Officer Watkins") overheard some yelling coming from outside the festival gates. Officer Watkins turned towards the disturbance and noticed what he believed to be members of the Latin Kings yelling and signaling gang signs towards another group of individuals Officer Watkins believed to be members of a rival street gang. Based upon the colors they wore, the signals they displayed, and his extensive experience as part of the Greensboro Police Department's Gang Unit, Officer Watkins determined both groups were gang-affiliated.

Officer Watkins approached the group of Latin Kings and asked that they stop interacting with the other gang members, in an effort to avoid a disturbance at the festival. While Officer Watkins was talking with the Latin Kings, Defendant approached Officer Watkins from behind and stepped between Officer Watkins and the group of Latin Kings. Once between Officer Watkins and the other Latin Kings, Defendant told the officer that they were signaling to him, and that there would be no trouble. Officer Watkins repeatedly told Defendant to move out of the way and stated that he did not wish to talk to Defendant but wanted to finish his conversation with the other Latin

Kings. Defendant did not move after Officer Watkins repeatedly told him to do so, and Officer Watkins arrested Defendant for resisting, obstructing, or delaying a police officer in violation of N.C. Gen. Stat. §14-223. In all, the exchange between Officer Watkins and Defendant lasted between 10-15 seconds before Defendant was arrested.

. Defendant received a trial by jury and on 11 May 2011 was found guilty of resisting, obstructing, or delaying a police officer in violation of N.C. Gen. Stat. §14-223. Defendant was sentenced to 45 days in jail, which was suspended; Defendant was placed on 12 months of probation. Defendant filed his notice of appeal the following day on 12 May 2011.

I.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss because there was insufficient evidence to support the charge. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted . . . in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455.

Defendant argues that there is insufficient evidence that he resisted, obstructed, or delayed a police officer pursuant to N.C. Gen. Stat. §14-223 (2012). In order to be convicted of a violation of §14-223, the State must prove:

1) that the victim was a public officer;

2) that the defendant knew or had reasonable grounds to believe that the victim was a public officer;

3) that the victim was discharging or attempting to discharge a duty of his office;

4) that the defendant resisted, delayed, or obstructed the victim in discharging or attempting to discharge a duty of his office; and

5) that the defendant acted willfully and unlawfully, that is intentionally and without justification or excuse.

*State v. Dammons*, 159 N.C. App. 284, 294, 583 S.E.2d 606, 612 (citing N.C. Gen. Stat. § 14–223). There is no dispute that Defendant knew that Officer Watkins was a public officer or that Officer Watkins was attempting to discharge a duty of his office. Defendant contends, however, that the State did not introduce substantial evidence to establish the fourth and fifth elements of the crime charged. We disagree.

With regard to the fourth element, *State v. Leigh*, 278 N.C. 243, 179 S.E.2d 708 (1971), "establishes the right to be free from arrest for violating N.C. Gen. Stat. § 14–223 when merely remonstrating with an officer . . . or criticizing or questioning an officer while he is performing his duty when done in an orderly manner." *Bostic v. Rodriguez*, 667 F.Supp.2d 591, 610 (E.D.N.C., 2009) (citation and quotation omitted). "The touchstone of the inquiry is orderliness," even where "no actual violence or force was used by [defendant]." *Id.* In *Leigh,* an officer responding to a report of an assault on the main street in town attempted to speak with a suspect, who was seated in the defendant's car. *See Leigh*, 278 N.C. at 245, 179 S.E.2d at 709. As the officer questioned the suspect, the defendant repeatedly yelled and told the suspect "[y]ou don't have to go with that Gestapo Pig. You don't have to go with that Pig." *Id.* at 245, 179 S.E.2d at 709. The officer could not communicate with the suspect over the defendant's yelling so he asked the suspect to get out of the car. *See id.* The suspect complied with the officer's request but the defendant followed and continued to yell. *See id.* As the officer and the suspect neared the officer's patrol car, the defendant stood between the officer and the suspect. *See id.* at 245, 179 S.E.2d at 709-10. The encounter lasted more than five minutes and the officer had to leave the scene in order to interview the suspect. *See id.* at 246, 179 S.E.2d at 710. The Supreme Court of North Carolina concluded "that there was plenary

evidence to support a jury finding that defendant did by his actions and language delay and obstruct the officer in the performance of his duties." *Id.* at 246, 179 S.E.2d at 711.

Similarly, in *State v. Bell,* 164 N.C. App. 83, 594 S.E.2d 824 (2004), this Court found that the evidence presented by the State was sufficient to allow a jury to conclude that the defendant obstructed and delayed a school safety officer in the performance of his duties. In *Bell,* the State's evidence showed that as the officer struggled to put a high school student suspected of fighting on school property into his patrol car, the "defendant parked her car immediately in front of the patrol car[,] . . . rushed to its rear door[,] . . . [and] began screaming, '[h]e didn't do anything wrong. Let him go.' " *Id.* at 85, 594 S.E.2d at 826. The officer then told the defendant that "he was conducting an investigation and asked her to step back." *Id.* Defendant continued to advance and shouted to the student, "I am going to call your mother. What is your phone number?" *Id.* at 86, 594 S.E.2d at 826. After a second warning from the officer to step back, the defendant "leaned inside the patrol car . . . and prevented [the officer] from closing the door." *Id.* The defendant repeatedly ignored the officer's instructions to step away and attempted to incite the gathering crowd to interfere. *See id.*

The evidence in this case, specifically that Defendant obstructed and delayed the officers' investigation, mirrors that in both *Leigh* and *Bell. See Leigh,* 278 N.C. at 249, 179 S.E.2d at 711; *see also Bell,* 164 N.C. App. at 85-86, 594 S.E.2d at 826. The officers, members of the Greensboro Police Department's Gang Unit, observed individuals they identified as members of the Latin Kings yelling gang slogans and signaling gang signs to a group of rival gang members. In an attempt to prevent any potential conflict during the festival, the officers approached the Latin Kings. Defendant came from behind Officer Watkins and stepped between Officer Watkins and the Latin Kings saying, "[t]hey was (sic) waving at me[,]" and "you wanna arrest me 'cuz I'm running for City Council." Officer Watkins admonished Defendant's intervention, saying, "[n]o, don't get in my face[,]" and "[g]et away. You get away from me." Officer Watkins further warned Defendant, "I'm talking to them, not talking to you" to which Defendant responded, "[y]ou don't gotta talk to them! They (sic) fine!" Defendant refused Officer Watkins' instructions to step away. Accordingly, we find that there was sufficient evidence for the jury to conclude that Defendant obstructed and delayed the officers in the performance of their duties.

As to the fifth element, we conclude that based upon the evidence, a jury could reasonably find that Defendant did willfully delay and obstruct the officers' investigation. *See State v. Davis*, 86 N.C. App. 25, 30, 356 S.E.2d 607, 610 (1987). (defining willfulness as "a state of mind which is seldom capable of direct proof, but which must be inferred from the circumstances of the particular case") (citation omitted). Here, Defendant approached the officers from behind and stepped between the officers and the Latin Kings. When Officer Watkins told Defendant, "I'm talking to them; I'm not talking to you[,]" Defendant replied, "[y]ou don't gotta talk to them; [t]hey (sic) fine." Defendant did not move from his position between the officers and the Latin Kings until he was arrested. We believe this evidence is sufficient to allow the question of whether Defendant acted with willfulness to go to the jury.

Defendant further contends, however, that his conduct was justified because he was acting out of concern for Williams, a minor in his care. We find no precedent under North Carolina law, nor does Defendant cite any case, to suggest that an individual's willful delay or obstruction of an officer's lawful investigation is justified because the subject of the investigation is a minor. In fact, the defendant in *Bell* obstructed and delayed the officer's questioning of a high school student, a minor. For these reasons, Defendant's motion to dismiss the charge was properly denied.

## II.

**[2]** Defendant next argues that the trial court erred in denying his motion to dismiss because the conduct for which he was prosecuted was protected by the First Amendment of the United States Constitution.

It is well settled that appellate courts "will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below." *State v. Jones*, 242 N.C. 563, 564, 89 S.E.2d 129, 130 (1955). Defendant first moved to dismiss the case at the close of the State's evidence, arguing that "[t]he law is clear on this that merely speaking with an officer is not against the law." No mention was made of the First Amendment. Defendant renewed the motion after the defense rested, when the trial court asked if he was renewing on the same grounds as before he stated "I would like to elaborate some[.]" As part of this elaboration, Defendant made a reference to the First Amendment:

Okay. Your Honor, as you know, the second motion to dismiss is a higher standard for the evidence to come in. It's not, however, in the light most favorable to the State. And we still have heard no evidence—like I say, if we're looking back at *Burton* and *Singletary*, there was a repeated, constant, and a long duration of action that happened in which the defendant's conviction was upheld on. Here the officer testified himself he—there was no cursing, no pushing, no shoving, no threat of violence, and the conversation only lasted 10 to 15 seconds, if that much. Counsel made a statement about it was not done in an orderly or peaceful—or peaceable manner, but we have no evidence to show that this was unruly, when he said—in fact said that there was no cursing, there was no pushing or shoving, and that this was done as—on a public property while he was campaigning, *which would infringe upon his First Amendment speech rights.* We just want to renew our motion and ask that you dismiss this case because there is lack of sufficient evidence that there was unlawful action and on the same grounds that there was actually no—I'm sorry—official duty that Officer Watkins was performing when he was speaking with Jorge Cornell.

(emphasis added). This passing reference, standing on its own, does not give the affirmative appearance that this constitutional issue was raised and passed upon in the court below. *See State v. Bell*, ____ N.C. App. ____, ____, ____ S.E.2d ____, ____ (2012) (No. COA11–864) (holding that the defendant had not preserved, for appeal, the argument that the officer's search of his person exceeded the consent given and was therefore a violation of his constitutional right where the record reflected only that defendant argued he did not give consent); *see also State v. Creason*, 313 N.C. 122, 127, 326 S.E.2d 24, 27 (1985) (stating the defendant's Fourth Amendment argument was not properly before the Supreme Court where "no constitutional issues were presented, argued, or decided in the trial court[]" and counsel made only a mention to a case on-point). Therefore, we decline to review this issue.

III.

**[3]** In Defendant's final argument, he argues the trial court erred in denying his request for a jury instruction on the defense of remonstrating with an officer. We disagree.

The standard of review for appeals regarding jury instructions to which a defendant has properly requested at trial is the following:

STATE v. CORNELL

[222 N.C. App. 184 (2012)]

This Court reviews jury instructions . . . contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.] . . . Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury. If a party requests a jury instruction which is a correct statement of the law and which is supported by the evidence, the trial judge must give the instruction at least in substance.

*Barr*, ____ N.C. App. at ____, 721 S.E.2d at 404 (citations omitted).

In the instant case, Defendant asked the trial court to add to the jury instructions language from *Leigh*, 278 N.C. at 251, 179 S.E.2d at 713, that "merely remonstrating with an officer in behalf of another, or criticizing or questioning an officer while he is performing his duty, when done in an orderly manner, does not amount to obstruction or delaying an officer in the performance of his duties." *Id.* While it is true that "merely remonstrating with an officer" does not amount to obstructing or delaying an officer, Defendant's conduct in this case went beyond mere remonstration. *See Bostic*, 667 F.Supp.2d 591, 610 (interpreting *Leigh* to allow "merely remonstrating with an officer . . . when done in an orderly manner"); *see also Bell*, 164 N.C. App. at 94-95, 594 S.E.2d at 831 (stating that the evidence showed the defendant inserted herself between officer and student, physically blocked officer from his patrol car, repeatedly ignored the officer's instructions to step away, and otherwise hindered the investigation, and as such defendant's conduct amounted to more than remonstration). Here, the evidence showed that Defendant stepped between the officers and the Latin Kings, inches from Officer Watkins' face, told the officers not to speak to the Latin Kings directly and refused Officer Watkins' repeated instructions to step aside. We do not believe this evidence supports a jury instruction on mere remonstration. Accordingly, the trial court did not err in refusing to give the instruction at Defendant's request. We conclude there was no prejudicial error.

NO ERROR.

Judges ELMORE and GEER concur.