STROUD, Judge, dissenting.
I concur in the result of the majority opinion in granting defendant a new trial on AWDWIKISI, but I dissent on the remainder of the charges because I would grant defendant a new trial on all charges. The facts and resulting various charges were somewhat confusing on their own, but the jury instructions and verdict sheet only made the case more confusing by muddling the issues, elements, and legal standards applicable to each charge. Portions of the jury instructions misstated the law and overall the instructions are likely to have misled the jury. Although some portions of the jury instructions are correct statements of the law, it is not possible to separate the AWDWIKISI conviction from the tangled mess of theories and charges. I would therefore reverse and grant a new trial on all charges.
I briefly restate the background since it is important to an understanding of the issues and appropriate jury instructions. On 2 February *644 2015, defendant and a friend went to Jon's[6] home to buy marijuana. An altercation started and shots were fired by at least three guns. Jon ultimately died from gunshot wounds. Defendant and Jon's girlfriend, Beth, were also shot but survived. The State and defendant presented different theories at trial on what happened between defendant's arrival at Jon's home and the shootings. The State's theory of the case was that defendant and his friend attempted to rob Jon and murdered him: defendant attempted to rob Jon at gunpoint; Beth grabbed a gun; defendant threatened to shoot Jon in the head if Beth did not put her gun down; Beth put the gun down; and defendant began firing, striking both Jon and Beth. Defendant's theory of the case was self-defense: he went to buy marijuana from Jon and saw a gun on the coffee table; he picked it up to look at it because it "looked cool" "like something off a movie[;]" Jon "started going crazy[;]" Beth grabbed a gun and pointed it at defendant; defendant threatened to shoot if Beth did not put the gun down; Beth put the gun down; defendant turned to run and Jon shot him; defendant began shooting behind himself "as many times as I can till I got to the door."
Defendant was indicted for first and second-degree murder and attempted robbery with a dangerous weapon of Jon and the attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI") of Beth. Defendant argued self-defense to the jury. The jury found defendant guilty of first-degree felony murder with the underlying felony being assault, second-degree murder, and AWDWIKISI. The trial court sentenced defendant to life imprisonment without parole. Defendant appealed.
Defendant challenges the jury instructions regarding self-defense. Defendant contends the trial court should have provided a self-defense instruction for the AWDWIKISI and *487 felony murder charges. Defendant argues that
[b]y limiting the jury instructions so that self-defense could not be applied to the assault charges against ... [Beth]-standing alone or underlying the felony-murder charge-the trial court usurped the jury's function, and Mr. Greenfield was denied his right to present a defense and to a trial by jury.
*645 Defendant specifically contends that within the trial court's self-defense instruction it should have included his proposed instruction on transferred intent because defendant's "intent of defending himself against ... [Jon] transferred to the shooting of ... [Beth]."[7]
We review jury instructions as a whole to determine if the law was presented correctly and to ensure that the jury was not misled regarding the applicable law:
This Court reviews jury instructions contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury. If a party requests a jury instruction which is a correct statement of the law and which is supported by the evidence, the trial judge must give the instruction at least in substance.
State v. Cornell , 222 N.C. App. 184, 190-91, 729 S.E.2d 703, 708 (2012) (citation, ellipses, and brackets omitted). This Court's review of the jury instructions as a whole is conducted de novo . See State v. Cruz , 203 N.C. App. 230, 235, 691 S.E.2d 47, 50, aff'd per curiam , 364 N.C. 417, 700 S.E.2d 222 (2010) ("Our Court reviews a trial court's decisions regarding jury instructions de novo .").
The trial court must instruct the jury on self-defense if there is any evidence in the record from which it can be determined that it was necessary or reasonably appeared to be necessary for defendant to kill his adversary in order to protect himself from death or great bodily harm.
*646 Moreover, the trial court must provide a self-defense instruction if the above criteria is met even though there is contradictory evidence by the State or discrepancies in the defendant's evidence. With regard to whether a defendant is entitled to a jury instruction on self-defense, the trial court must consider the admissible evidence in the light most favorable to the defendant.
Before the defendant is entitled to an instruction on self-defense, two questions must be answered in the affirmative: (1) Is there evidence that the defendant in fact formed a belief that it was necessary to kill his adversary in order to protect himself from death or great bodily harm, and (2) if so, was that belief reasonable? If both queries are answered in the affirmative, then an instruction on self-defense must be given. If, however, the evidence requires a negative response to either question, a self-defense instruction should not be given.
Id. at 235-36, 691 S.E.2d at 50-51 (citations, quotation marks, and brackets omitted).
The trial court did not provide a self-defense instruction in general on the AWDWIKISI or felony murder charge; furthermore, the trial court did not provide a transferred intent instruction on the one self-defense instruction it did provide on first and second-degree murder and voluntary manslaughter. Thus, the only specific self-defense instruction the jury received was as to Jon, and not to Beth:
The defendant would be excused of first-degree murder on the basis of malice, premeditation, and deliberation, and second-degree murder on the ground of self-defense if, first, the defendant believed it was *488 necessary to kill the victim in order to save the defendant from death or great bodily harm.
And second, the circumstances as they appeared to the defendant at the time were sufficient to create such a belief in the mind of a person of ordinary firmness.
The State does not argue that defendant did not present evidence which would support his theory of self-defense, but only that defendant was not credible and that since the trial court instructed the jury on *647 self-defense as to some of the charges, the jury instructions as a whole were sufficient. This argument fails for two reasons. The defendant's credibility is not a consideration for this Court; that is a determination for the jury to make. See State v. Hannon , 118 N.C. App. 448, 451, 455 S.E.2d 494, 496 (1995) ("It is fundamental to a fair trial that the credibility of the witnesses be determined by the jury."). Also, when reviewing a trial court's failure to instruct jurors on a self-defense theory, this Court must consider the evidence in the light most favorable to defendant. See Cruz, 203 N.C. App. at 235, 691 S.E.2d at 51. Defendant's evidence presented at trial, if believed, would support an instruction of self-defense on both the AWDWIKISI and felony murder charges as he testified: he went to Jon's home to buy marijuana, with no intent to rob anyone; Jon became so upset when he picked up a gun to look at it that Beth intervened pointing a gun at him; and he was the first person shot, as he was trying to run away, shooting back only to defend himself.
Thus, the jury retired to deliberate with the self-defense instruction applying only to "COUNT 1" for "First-Degree Murder with Premeditation and Deliberation Or Second-Degree Murder Or Voluntary Manslaughter" against Jon. Further compounding the lack of a self-defense instruction, the State's closing argument repeatedly stressed that self-defense could not be used for felony murder stating,
Premeditation, deliberation, malice. These are all concepts we'll talk about in just a second, but they don't apply to felony murder. Also what doesn't apply is self-defense. Self-defense also doesn't apply to felony murder....... Self-defense does not apply to felony murder. Again, stress that over and over again. There's not a need to apply self-defense to felony murder that the defendant is charged with.
Thus, with these confusing instructions and statements from the State, the jury retired to deliberate with a somewhat confusing verdict sheet. The verdict sheet presented options for eight different theories of murder or manslaughter under COUNT 1, and the jury was instructed on self-defense as applied to only three of those eight theories. The verdict sheet with the jury's answers to the various theories shows the following for the crimes listed under COUNT 1:
*648 COUNT 1 [8]
??? Guilty of First-Degree Murder;
Under the felony-murder rule, determine whether the defendant committed: (Mark all that apply)
_____ Attempted Robbery
_____ Attempted First-Degree Murder
??? Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury
_____ Assault with a Deadly Weapon Inflicting Serious Injury
_____ Assault with a Deadly Weapon with Intent to Kill
_____ Or Not Guilty
Or
_____ First-Degree Murder with Premeditation and Deliberation
Or
??? Second-Degree Murder
Or
_____ Voluntary Manslaughter
Or *489 _____ Not Guilty
The verdict sheet is confusing, even to this Court. The jury indicated its confusion as well when it wrote a note to the court asking, "Please explain why it matters that we address both theory's since it[']s for the same count? Why is there an 'or' instead of an 'and' in the charge sheet."
Adding one more layer of confusion, instead of giving the self-defense instructions as requested by defendant, the trial court instead instructed the jury on accident "[a]s to the charges of attempted murder and assault with a deadly weapon with intent to kill inflicting serious *649 injury of" Beth. After the instructions were given, defense counsel noted his objection to the accident instruction:
the language in it that an injury is accidental if it's unintentional, and Judge, I believe that under self-defense an act under self defense would be an intentional act, just that it would lawfully be an intentional act.
THE COURT: I understand what you're saying but I did not give a self-defense instruction for that.
MR. SHOTWELL: I understand, but I'm saying under the theory that if his actions were lawful under self-defense, then by definition they would be intentional.
Thus, in summary, the trial court's instructions deliberately separated the instruction for first-degree murder based on premeditation and deliberation, second-degree murder; and voluntary manslaughter for which self-defense would apply from the felony murder instructions for which self-defense would not apply. The trial court then instructed on accident, although there was no evidence to support this instruction, and did not instruct on self-defense for AWDWIKISI and felony murder, though there was evidence to support those instructions. Ultimately, the jury found defendant not guilty of attempted robbery with a deadly weapon and did not use this as the basis for the felony murder conviction; this part of the verdict indicates that the jury did not believe the State's theory of the case that defendant went to Jon's home and attempted to rob him. The jury actually found defendant guilty of felony murder based only on "Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury[;]" this is the same crime they found defendant guilty of committing against Beth; this is the crime for which defendant unsuccessfully requested a self-defense instruction.
Overall, considering the instructions in their entirety, with the lack of a self-defense instruction which was supported by the evidence, the inclusion of an accident instruction which was not supported by the evidence, the State's jury argument emphasizing that self-defense could not be used for felony murder, the layout of the verdict sheet and the jury's question about it, and the not guilty verdict as to attempted robbery with a deadly weapon, I would conclude the jury may have been "misled" by the jury instructions and the result may have been different if the jury had been instructed on self-defense as to AWDWIKISI. Generally Cornell , 222 N.C. App. at 191, 729 S.E.2d at 708.
I would therefore reverse defendant's convictions and grant defendant a new trial on all charges.

Pseudonyms will be used to protect the identity of the participants who were not charged with a crime in this case and the deceased victim.

Under the doctrine of transferred intent "[i]t is an accepted principle of law that where one is engaged in an affray with another and unintentionally kills a bystander or a third person, his act shall be interpreted with reference to his intent and conduct towards his adversary..... Such a person is guilty or innocent exactly as if the fatal act had caused the death of his adversary. It is aptly stated that the malice or intent follows the bullet." State v. Goode , 197 N.C. App. 543, 550, 677 S.E.2d 507, 512 (2009) (citation, quotation marks, and brackets omitted).

The verdict sheet did not identify the victim of each Count. Jon was the victim of each crime under Count 1, but four of the underlying felonies could have been regarding Beth. The crimes against Beth were therefore identified both in Count 1, as potential felonies to support felony murder, and separately in Counts 2 and 4 for attempted first-degree murder and the three forms of assault.