DILLON, Judge.
*151 Omar Cook ("Defendant") appeals from two convictions for felonious assault with a firearm on a law enforcement officer. For the following reasons, we find no error in Defendant's trial.
I. Background
In February 2015, uniformed officers executed a search warrant at Defendant's residence while Defendant was upstairs in his bedroom. Defendant's family members resisted as the officers gained entry and secured the downstairs.
Two officers proceeded upstairs, announcing that they were there to serve a warrant. One officer encountered Defendant's closed bedroom door. The officer announced that he was a police officer and that he was going to kick in the door. The officer's foot went through the door on the first kick. Defendant fired two gunshots from inside the bedroom through the still-unopened door and the drywall adjacent to the door, narrowly missing the officer.
The officers eventually entered Defendant's room where they found a shell casing and noticed an open window. Officers followed footprints in the snow below the open window and found Defendant barefoot and wearing undershorts. Defendant was taken into custody. A handgun was recovered near the residence with DNA that matched Defendant's DNA profile.
The jury found Defendant guilty of two counts of assaulting a law enforcement officer with a firearm. Defendant timely appealed.
II. Summary
In his sole argument on appeal, Defendant contends that the trial court erred by denying his request for a self-defense instruction. He argues that he was entitled to the instruction based on his testimony which tended to show that:
• Defendant was asleep when the officer arrived at his bedroom door.
• His girlfriend woke him up, he heard loud banging on his bedroom door and saw a foot come through the door "a split second" after waking up.
• He did not hear the police announce their presence but did hear his mother and brother "wailing" downstairs.
*152 • He was "scared for [his] life ... thought someone was breaking in the house ... hurting his family downstairs and coming to hurt [him] next."
• He stated that when he fired his weapon he had "no specific intention" and was "just scared."
Because Defendant essentially testified that he did not intend to shoot anyone when he fired his gun, we are compelled by Supreme Court precedent to conclude that he was not entitled to a self-defense instruction, notwithstanding the fact that there may have been other evidence from which the jury could infer that Defendant did intend to shoot the officer, e.g. , that he fired the shots towards the bedroom door. Accordingly, we find no error.
*577 III. Analysis
Generally, the trial judge must instruct the jury regarding all substantial features of a case. State v. Higginbottom , 312 N.C. 760, 764, 324 S.E.2d 834, 835 (1985). "All defenses[,] [including self-defense,] rising from the evidence presented at trial constitute substantive features of a case and therefore warrant the trial court's instruction thereon." State v. Loftin , 322 N.C. 375, 381, 368 S.E.2d 613, 617 (1988). Further, in determining whether a defendant is entitled to a self-defense instruction, the evidence must be viewed "in the light most favorable to the defendant ," State v. Bush , 307 N.C. 152, 159, 297 S.E.2d 563, 568 (1982) (emphasis added), and the determination shall be based on evidence offered by the defendant and the State. See State v. Deck , 285 N.C. 209, 215, 203 S.E.2d 830, 834 (1974) (self-defense instruction required based on evidence offered by the State).
Here, Defendant essentially argues that he was entitled to an instruction on self-defense based on his testimony that he was "scared for [his] life" when he fired the shots. We note, however, that Defendant also testified that he did not take aim at or otherwise have any specific intent to shoot the "intruder" when he fired the shots:
[Defense Counsel]. Now, when you reached for the firearm, what was your intention?
[Defendant]. I really didn't have no specific intention. I was just scared. I didn't know what was going on. I was scared.
...
*153 Q. And what did you do with [the firearm] after you pulled it out from under the mattress?
A. I turned my head and discharged it.
...
Q. Were you looking where you were shooting?
A. No, sir.
...
Q. When you discharged your weapon, were you trying to kill someone?
A. No, sir.
Our Supreme Court has stated that "[t]he right to act in self-defense is based upon necessity, real or apparent, and a person may use such force as is necessary or apparently necessary to save himself from death or great bodily harm in the lawful exercise of his right of self-defense." State v. Pearson , 288 N.C. 34, 38-39, 215 S.E.2d 598, 602 (1975). It may be argued that, based on Pearson , Defendant was entitled to a self-defense instruction if he reasonably believed that the firing of warning shots would be sufficient to repel a potentially deadly attack.
However, our Supreme Court has repeatedly held that a defendant who fires a gun in the face of a perceived attack is not entitled to a self-defense instruction if he testifies that he did not intend to shoot the attacker when he fired the gun. For instance, in State v. Williams , 342 N.C. 869, 872, 467 S.E.2d 392, 393 (1996), the Court found no error in the trial court's denial of the defendant's request for a self-defense instruction where he testified that he did not intend to shoot the attacker but rather was simply firing "warning shots" into the air. Id. The Williams Court stated that "perfect self-defense" is available only if "it appeared to defendant that he believed it to be necessary to kill the [attacker] in order to save himself from death or great bodily harm," and that, therefore, "[t]he defendant [was] not entitled to an instruction on self-defense while still insisting that he did not intend to fire the pistol at anyone, that he did not intend to shoot anyone and that he did not know anyone had been shot.... The defendant's own testimony, therefore, disproves [that he believed it was necessary to kill when he fired the shot]." Id. at 873, 467 S.E.2d at 394.
Based on Williams , a person under an attack of deadly force is not entitled to defend himself by firing a warning shot, even if he believes *154 that firing a warning shot would be sufficient to stop the attack; he must shoot to kill or injure the attacker to be entitled to the instruction. This is true even if there is, in fact, other evidence from which a jury could have determined that the defendant did intend to kill the attacker. Specifically, in Williams , while sustaining the trial court's ruling not to give a self-defense instruction, the Supreme Court sustained the defendant's conviction of first-degree murder *578 based on premeditation and deliberation-a conviction which can only stand if there is evidence from which the jury could conclude that the defendant had the intent to kill. Id. at 874, 467 S.E.2d at 395.
Further, in State v. Lyons , the Supreme Court addressed a factual scenario very similar to the facts in the present case. State v. Lyons , 340 N.C. 646, 459 S.E.2d 770 (1995). In Lyons , an officer knocked on the defendant's front door to serve a search warrant. The defendant fired shots through the front door, killing the officer. The defendant testified that he did not hear the officer announce his identity but only heard loud banging on his front door, that he became scared that he was being robbed, and that he fired shots in the direction of the front door. Our Supreme Court held that the trial court did not err in refusing to instruct on self-defense based on the defendant's testimony that he did not intend to hit anyone with his gunshots, id. at 662, 459 S.E.2d at 778, but otherwise held that there was sufficient evidence to convict the defendant of first-degree murder based on a finding that he "acted with the specific intent to kill after premeditation and deliberation." Id. at 658, 459 S.E.2d at 777. See also State v. Reid , 335 N.C. 647, 671, 440 S.E.2d 776, 789 (1994) (upholding first-degree murder conviction, holding that self-defense instruction was not warranted where the defendant testified that he did not aim at anyone but only shot at the floor); State v. Hinnant , 238 N.C. App. 493, 497, 768 S.E.2d 317, 320 (2014) (self-defense instruction is not available where the defendant testifies that he did not intend to shoot the attacker when he fired the gun).
In sum, based on Supreme Court precedent, where a defendant fires a gun as a means to repel a deadly attack, the defendant is not entitled to a self-defense instruction where he testifies that he did not intend to shoot the attacker.
The dissent states that N.C. Gen. Stat. § 14-51.2, codifying the "castle doctrine," warrants reversal; contending that, under the statute, there is a rebuttable presumption that Defendant held a reasonable fear of imminent death or serious bodily harm. N.C. Gen. Stat. § 14-51.2 is an affirmative defense provided by statute which supplements other affirmative *155 defenses that are available under our common law. N.C. Gen. Stat. § 14-51.2(g) ("This section is not intended to repeal or limit any other defense that may exist under the common law."). Defendant, however, never cited N.C. Gen. Stat. § 14-51.2 nor does he make any argument concerning that defense in his brief. Therefore, our Court should not base our resolution of this appeal on that statute. N.C. R. App. P. 28. We can only base our resolution of Defendant's appeal on the defense he argues: self-defense.
In any event, assuming Defendant had properly preserved an argument based on N.C. Gen. Stat. § 14-51.2, we do not believe that the defense was available in this case, based on the reasoning of our Supreme Court in the cases cited above. Neither the common law self-defense theory nor the N.C. Gen. Stat. § 14-51.2 defense theory applies where the defendant did not hold a reasonable fear of imminent death or serious bodily injury. In the common law self-defense context, the defendant bears the burden of showing that he held this reasonable fear. However, in a common law self-defense context, even where there is sufficient evidence to meet the defendant's burden that he intended to shoot the attacker, Supreme Court precedent instructs that the defendant is not entitled to the instruction if he testifies that he did not intend to shoot the attacker because in that scenario, the defendant's own words show that he did not believe he was in reasonable fear of imminent harm. Applying this same reasoning to the N.C. Gen. Stat. § 14-51.2 context, a defendant who testifies that he did not intend to shoot the attacker is not entitled to an instruction under N.C. Gen. Stat. § 14-51.2 because his own words disprove the rebuttable presumption that he was in reasonable fear of imminent harm.
Accordingly, we conclude that Defendant received a fair trial, free from error.
NO ERROR.
Judge MURPHY concurs by separate opinion.
Judge STROUD dissents by separate opinion.