IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1138

 Filed: 3 September 2019

Iredell County, 15 CRS 55659

STATE OF NORTH CAROLINA

 v.

CHRISTOPHER A. HOLSHOUSER, Defendant.

 Appeal by Defendant from Judgment entered 18 July 2017 by Judge Julia

Lynn Gullett in Iredell County Superior Court. Heard in the Court of Appeals 24

April 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Hilda
 Burnett-Baker, for the State.

 Edward Eldred for defendant-appellant.

 MURPHY, Judge.

 Where a criminal defendant testifies at trial that he did not commit the offense

for which he has been charged, that defendant is not entitled to a jury instruction

regarding the affirmative defense of justification. Defendant Christopher A.

Holshouser testified at trial that he did not possess the shotgun he was charged with

possessing in violation of our law against the Possession of a Firearm by a Felon

(“PFF”). On appeal, Defendant argues the trial court committed plain error in failing

to provide a jury instruction regarding the affirmative defense of justification.

Because Defendant repeatedly testified that he did not possess the firearm in
 STATE V. HOLSHOUSER

 Opinion of the Court

question, the trial court did not commit plain error in forgoing an instruction

regarding justification.

 BACKGROUND

 On 28 September 2015, Deputy Leo Hayes and Detective Chris Lambreth, both

of the Iredell County Sheriff’s Office, responded to a domestic dispute involving “a

subject armed with a shotgun” at the home of Defendant. Upon their arrival,

Defendant met the officers on the front porch of his residence and denied knowing

anything about a shotgun. The officers explained that they had been told Defendant

had thrown the gun into the woods behind his house. Deputy Hayes testified at trial

that Defendant eventually admitted that he had thrown the shotgun into the woods

and told the deputy where he had thrown it. Upon running Defendant’s criminal

history, the officers learned he was a convicted felon. The officers then placed

Defendant under arrest for PFF.

 At trial, Defendant testified that he had been involved in an altercation with

his stepson, Nick, on the night in question but had never possessed the shotgun that

was the subject of his indictment.1 In relevant part, Defendant testified, “I don’t think

I remember taking [the shotgun] from [Nick,]” and—when asked directly whether he

took possession of the gun—“[w]ell, that gun, no.”

 1 Defendant was indicted for possessing “a New England Firearms Pardner Model 12 Gauge
Shotgun, which is a firearm.”

 -2-
 STATE V. HOLSHOUSER

 Opinion of the Court

 At the conclusion of Defendant’s trial, the trial court read the pattern jury

instruction regarding PFF verbatim. There were no objections lodged regarding the

jury instructions. After deliberation, a jury unanimously found Defendant guilty of

PFF. Defendant was also found guilty of having attained habitual felon status and

sentenced to an active sentence of 120 to 156 months. Defendant timely appeals.

 ANALYSIS

 A. Jury Instruction

 Defendant’s first argument on appeal is that the trial court committed plain

error in failing to instruct “the jury that he was not guilty of being a felon in

possession of a firearm if he acted in self-defense.” This argument is inconsistent

with our caselaw and overlooks the fact that Defendant testified at trial that he did

not possess the firearm in question. The trial court did not err in foregoing a jury

instruction as to the affirmative defense of justification.

 Understanding Defendant’s argument requires some background explanation

of the crime of PFF and our caselaw relating to unpreserved jury instruction

arguments. Under N.C.G.S. § 14-415.1(a), there are two elements of a PFF offense:

“(1) the defendant has been convicted of a felony, and (2) the defendant subsequently

possessed a firearm.” State v. Floyd, 369 N.C. 329, 333, 794 S.E.2d 460, 463 (2016);

N.C.G.S. § 14-415.1(a) (2017). Although self-defense is not, per se, a defense to PFF,

it is inexorably intertwined with the defense of “justification” set out in United States

 -3-
 STATE V. HOLSHOUSER

 Opinion of the Court

v. Deleveaux, 205 F.3d 1292 (11th Cir. 2000), and adopted by a number of courts in

the context of PFF cases. See, e.g., State v. Mercer, 818 S.E.2d 375, 380-81 (N.C. Ct.

App. 2018); State v. Monroe, 233 N.C. App. 563, 564-65, 756 S.E.2d 376, 380 (2014),

aff’d, 367 N.C. 771, 768 S.E.2d 292 (2015) (reviewing cases). The Deleveaux rationale

 requires a criminal defendant to produce evidence of the
 following to be entitled to an instruction on justification as
 a defense to a charge of [PFF]:

 (1) that the defendant was under unlawful and present,
 imminent, and impending threat of death or serious bodily
 injury;

 (2) that the defendant did not negligently or recklessly
 place himself in a situation where he would be forced to
 engage in criminal conduct;

 (3) that the defendant had no reasonable legal alternative
 to violating the law; and

 (4) that there was a direct causal relationship between the
 criminal action and the avoidance of the threatened harm.

State v. Edwards, 239 N.C. App. 391, 393-94, 768 S.E.2d 619, 621 (2015) (quoting

Deleveaux, 205 F.3d at 1297).

 Prior to 2018, where a defendant was denied a special instruction pursuant to

Deleveaux at trial our court had repeatedly “assume[d] arguendo, without deciding,

that the Deleveaux rationale applies in North Carolina prosecutions for [PFF].”

 -4-
 STATE V. HOLSHOUSER

 Opinion of the Court

Mercer, 818 S.E.2d at 379.2 However, in Mercer, we applied the Deleveaux test where

the defendant “presented evidence that he grabbed the gun only after he heard guns

cocking and witnessed his cousin struggling with the gun[,]” and requested a special

instruction as to justification at trial. Id. at 380. The trial court explicitly denied the

defendant’s motion for special instruction regarding justification and, in essence, did

so a second time when—during their deliberation—the jury sent the trial court a note

asking for clarification as to whether justification applies as an affirmative defense

in PFF cases. Id. at 378. Based on the unique facts of Mercer, we held the defendant

“was entitled to have the jury instructed on justification as a defense to the charge of

possession of a firearm by a felon.” Id. at 380-81.

 Based on our application of the Deleveaux factors in Mercer, Defendant argues

the justification defense is a substantial and essential feature of a PFF charge and

that, consequently, the trial court was required to present it to the jury. In making

this argument on appeal, Defendant relies upon our opinion in State v. Scaturro, 802

S.E.2d 500 (N.C. Ct. App. 2018), which holds, “[a] defendant’s failure to request an

instruction as to a substantial and essential feature of the case does not vitiate the

 2 Shortly after we decided Mercer, our Supreme Court granted the State’s Motion for
Temporary Stay, 371 N.C. 480, 817 S.E.2d 209 (2018) (Memorandum), and subsequently granted the
State’s Petition for Writ of Supersedeas and Discretionary Review, 371 N.C. 573, 820 S.E.2d 809 (2018)
(Memorandum). We do not cite Mercer as binding authority, but only to show why Defendant advances
this specific argument on appeal. For the purposes of this case, we follow our precedent as it stood
when Defendant’s case was still before the trial court and assume arguendo without deciding that the
Deleveaux test applies in North Carolina PFF prosecutions. Mercer, 818 S.E.2d at 379 (citing Monroe,
233 N.C. App. at 569, 756 S.E.2d at 380).

 -5-
 STATE V. HOLSHOUSER

 Opinion of the Court

trial court’s affirmative duty [to instruct the jury upon that feature].” Id. at 506. The

facts of this case are markedly different from those of Scaturro, and Defendant’s

argument to the contrary is unavailing.

 In Scaturro, the Defendant was charged with felony hit and run resulting in

serious bodily injury after he struck a cyclist with his car, drove the victim to the

hospital, and failed to return to the scene. Id. at 502-03. In charging the jury, the

trial court instructed that an essential element of the offense was that “the

defendant’s failure to remain at the scene of the crash was willful, that is intentional.”

Id. at 504. Willful action on the part of the defendant is an essential element of the

hit and run offense as it is set out in our criminal statutes. See N.C.G.S. § 20-166

(2017). We held the trial court committed plain error by failing to instruct the jury

“that an act is willful if it is without justification or excuse” and by “conflat[ing] willful

acts with intentional ones.” Scaturro, 802 S.E.2d at 507. At trial, the defendant’s

sole defense was that he was authorized and required by statute to leave the scene in

order to take the victim to the hospital. Id. We held the jury instruction deprived

the defendant of the “gravamen of his basis for acquittal” and ordered a new trial. Id.

 In contrast to Scaturro, even assuming arguendo the Deleveaux rationale

applies in North Carolina it is not clear a justification defense is a “substantial and

essential feature” of a PFF charge. Again, the only two elements of PFF are (1) a

prior felony conviction, and (2) possession of a firearm. Unlike in Scaturro, there is

 -6-
 STATE V. HOLSHOUSER

 Opinion of the Court

nothing in the PFF statute that describes justification or self-defense as an element

of the offense. Compare N.C.G.S. § 14-415.1 with § 20-166. Additionally, there is no

North Carolina pattern jury instruction on the “justification” defense and the PFF

pattern instruction does not include any language regarding justification, necessity,

or self-defense. This is markedly different from the circumstances in Scaturro, where

willfulness was explicitly set out in the governing statute and defined in the pattern

instruction but the trial court chose not to read that instruction in its entirety.

 Nevertheless, Defendant’s own testimony rendered an instruction on the

justification defense unavailable to him. Our self-defense caselaw dictates that a

defendant is not entitled to a self-defense instruction where he testifies that he did

not commit the underlying offense. State v. Williams, 342 N.C. 869, 873, 467 S.E.2d

392, 394 (1996); State v. Cook, 254 N.C. App. 150, 153, 802 S.E.2d 575, 577 (2017),

aff’d, 370 N.C. 506, 809 S.E.2d 566 (2018). As is true in the context of self-defense

claims, a defendant seeking to avail himself of the affirmative defense of justification

must show that he reasonably believed he was under an impending threat of death

or serious bodily injury. Williams, 342 N.C. at 872-73, 467 S.E.2d at 394; Deleveaux,

205 F.3d at 1297. Indeed, the affirmative defense of justification “does not negate

any element of [the charged crime],” but “serves only as a legal excuse for the criminal

act and is based on additional facts and circumstances that are distinct from the

conduct constituting the underlying offense.” Deleveaux, 205 F.3d at 1297-98.

 -7-
 STATE V. HOLSHOUSER

 Opinion of the Court

Consistent with our self-defense caselaw, a defendant is not entitled to an instruction

regarding justification where he testifies that he did not commit the criminal act at

all.

 Here, Defendant was indicted for possessing “a New England Firearms

Pardner Model 12 Gauge Shotgun, which is a firearm.” At trial, Defendant testified

that he never possessed that gun, stating: “I don’t think I remember taking [the

shotgun] from [Nick,]” and—when asked directly whether he took possession of the

gun—“[w]ell, that gun, no.” Defendant repeatedly testified that he never committed

PFF because he never possessed the shotgun at issue. Consequently, Defendant was

not entitled to an instruction regarding justification, which is premised upon a

defendant’s having committed the offense with which he is charged but being legally

excused from punishment. The trial court did not err in forgoing such an instruction

during its jury charge.

 B. Ineffective Assistance of Counsel

 Defendant’s second argument on appeal is that his attorney rendered

ineffective assistance when he failed to request a special jury instruction regarding

the affirmative defense of justification.

 To prove his counselor rendered ineffective assistance, a defendant must show

(1) “counsel’s representation fell below an objective standard of reasonableness[,]”

and (2) “there is a reasonable probability that, but for counsel’s unprofessional errors,

 -8-
 STATE V. HOLSHOUSER

 Opinion of the Court

the result of the proceeding would have been different.” State v. Allen, 360 N.C. 297,

316, 626 S.E.2d 271, 286 (2006) (quoting Wiggins v. Smith, 539 U.S. 510, 521, 534,

156 L. Ed. 2d 471, 484, 493 (2003)). IAC claims should be resolved through a Motion

for Appropriate Relief (“MAR”) in the trial court, rather than on direct appeal, unless

“the cold record reveals that no further investigation is required, i.e., claims that may

be developed and argued without such ancillary procedures as the appointment of

investigators or an evidentiary hearing.” State v. Fair, 354 N.C. 131, 166, 557 S.E.2d

500, 524 (2001). Defendant’s IAC claim is exceptional in that it may be resolved based

on the cold record alone.

 Defendant’s sole purported reason that he received IAC is that “his attorney’s

failure to ask for the instruction [regarding justification] constituted [IAC.]”

Defendant was not entitled to a justification instruction because he repeatedly

testified that he did not possess the shotgun he was charged with possessing.

Consequently, even if Defendant’s counsel had requested such an instruction the trial

court should not have granted his request. The fact that his attorney did not ask for

such an instruction did not have any impact on Defendant’s trial. As the lack of

prejudice is apparent from the cold record, we deny Defendant’s IAC argument.

 CONCLUSION

 The trial court did not err in forgoing a jury instruction as to the affirmative

defense of justification as Defendant’s testimony at trial made such a defense

 -9-
 STATE V. HOLSHOUSER

 Opinion of the Court

unavailable. Likewise, Defendant’s counsel did not render IAC by failing to request

a special instruction regarding the affirmative defense.

 NO ERROR.

 Judges DILLON and HAMPSON concur.

 - 10 -